FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★  SEP 24 2012  ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
DAMANTANG SYLLA and                          :
MOHAMED NOBE,                                :
                                             :
                Plaintiffs,                  :
                                             :       ORDER ADOPTING REPORT
                                             :       AND RECOMMENDATION
        -against-                            :       10-CV-3325 (JFB) (GRB)
                                             :
PETER RUH and other unknown agents from      :
the U.S. Postal Service,                     :
                                             :
                Defendants.                  :
---------------------------------------------------------------X
JOSEPH F. BIANCO, District Judge:

For the reasons set forth below, the Court adopts the Report and Recommendation, dated

August 30, 2012, without prejudice to the defendant filing another summary judgment if plaintiff

Damantang Sylla attempts to re-plead to allege a claim under *Bivens v. Six Unknown Named Agents*,

403 U.S. 399 (1971), or the Federal Tort Claims Act in an amended complaint. In the amended

complaint, plaintiffs should include any factual allegations related to the exhaustion, notice of claim,

and other requirements associated with these claims that were raised by defendant in his objections

to the R&R.

## I. BACKGROUND

On July 15, 2010, plaintiff Sylla filed a complaint in this action. On September 1, 2011, an

amended complaint was filed, adding plaintiff Nabe as a co-plaintiff. On November 23, 2011,

defendant filed a motion for summary judgment in this action. Plaintiffs filed their opposition on

December 30, 2011, and defendant filed his reply on January 11, 2012. On January 26, 2012,

plaintiffs filed a motion for summary judgment. On February 15, 2012 and February 16, 2012, the

Court referred the motions for summary judgment to Magistrate Judge Gary R. Brown for a Report

and Recommendation.

On August 30, 2012, Magistrate Judge Brown issued a Report and Recommendation (the "R&R") recommending that "1. Defendant's motion for summary judgment be GRANTED as to Nabe; 2. Defendant's motion for summary judgment be GRANTED as to Sylla's Fourth Amendment claims; 3. Plaintiff's motion for summary judgment be DENIED; and 4. This matter be permitted to proceed against defendants as a *Bivens* action for purported Due Process violations against the United States as a 41(g) claim for money damages." (R&R at 8.) The R&R also states that "[a]ny written objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report. Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. **Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or the Court of Appeals.**" (*Id.* (emphasis in original).) On September 11, 2012, the defendant requested additional time to file his objections, and on that date, the Court permitted defendant to file his objections by September 21, 2012. On September 21, 2012, defendant filed his objections to the R&R. To date, plaintiffs have not filed any objections.

## II. STANDARD OF REVIEW

When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a *de novo* standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter

to the magistrate judge with instructions."). Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). However, because the failure to file timely objections is not jurisdictional, the district judge can still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas v. Arn,* 474 U.S. at 155)).

## III. DISCUSSION

Defendant requests that the Court adopt the R&R's recommendations to (1) grant defendant's motion as to plaintiff Nabe and on plaintiff Sylla's Fourth Amendment *Bivens* claim, and (2) deny plaintiffs' cross motion for summary judgment. (Def.'s Objections at 3.) Defendant objects to the R&R's recommendation that plaintiff Sylla be permitted to proceed against defendant Ruh for purported due process violations and against the United States for money damages under Federal Rule of Criminal Procedure 41(g). (*Id.*) For the reasons set forth below, the Court adopts the R&R and will allow plaintiff Sylla to attempt to allege a plausible claim. However, if plaintiff Sylla intends to attempt to proceed, plaintiff Sylla must file an amended complaint alleging a due process claim under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388

3

(1971) against defendant Ruh, and/or a claim under Federal Tort Claims Act against the United States. Moreover, if such an amended complaint is filed, the Court will give defendant an opportunity to file another summary judgment motion as to the amended complaint.

With respect to the *Bivens* Fifth Amendment due process claim against defendant, defendant argues that plaintiff Sylla cannot assert a Fifth Amendment due process claim because there was a meaningful post-deprivation remedy available to him, including that plaintiff Sylla could have petitioned for the vehicle's return under the "framework set forth in Fed. R. Crim. P. 41(g) or 18 U.S.C. § 983(e)" while the vehicle was being held. (*Id.* at 5 (footnote omitted).) Defendant notes that plaintiff Sylla had notice of Nabe's prosecution, as he was a proposed suretor on Nabe's bail application. (*Id.* at 5 n.1.) Defendant also asserts that plaintiff Sylla could have availed himself to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, which also provides a meaningful post-deprivation remedy. (Def.'s Objections at 5-6.) Defendant also states that even if plaintiff Sylla's claim were to be construed as a Federal Tort Claim Act claim, plaintiff Sylla has failed to exhaust any applicable tort claims, having not filed a notice of claim with the appropriate federal agency, a prerequisite to suit under the Federal Tort Claim Act. (*Id.* at 7-8.) Defendant further argues that the statute of limitations would now bar such a claim. (*Id.* at 8.) With respect to a possible claim under Federal Rule of Criminal Procedure 41(g) against the United States, defendant argues that money damages are not available under Federal Rule of Criminal Procedure 41(g) when the property is not available for Rule 41(g) return, and the United States has not consented to waive its sovereign immunity for claims brought under Rule 41(g). (*Id.* at 7.) Moreover, although such claims can be brought under the FTCA, defendant again notes that such a claim cannot be sustained because of a failure to exhaust.

Having reviewed *de novo* those portions of the R&R to which defendant objects, the Court

4

adopts the R&R for the reasons stated therein. Although it appears that plaintiff may be unable to pursue a *Bivens* claim or FTCA claim for the reasons set forth by defendant, the Court in its discretion, and in an abundance of caution (especially in light of Sylla's *pro se* status), concludes that plaintiff should be given the opportunity to attempt to allege a plausible claim under *Bivens* or the FTCA, if Sylla wishes, and then defendant can make a summary judgment motion on any newly asserted claims. Thus, plaintiff Sylla is given leave to re-plead with respect to any claim for due process violations under *Bivens* against defendant Ruh and/or a Federal Tort Claim Act claim against the United States. In the amended complaint, plaintiff Sylla must include factual allegations to address the arguments raised by the defendants in their objections, and discussed in this Order, including allegations related to the exhaustion, notice of claim, and other legal requirements associated with these claims.

Having reviewed for clear error the other portions of the R&R, to which no party has not filed any objections, the Court adopts the portions of the R&R (1) granting summary judgment with respect to (a) plaintiff Nabe's claims and (b) plaintiff Sylla's Fourth Amendment claims, and (2) denying plaintiffs' motion for summary judgment.[1]

---

[1] Even under a *de novo* standard of review, the Court would adopt the R&R in its entirety for the reasons set forth in the R&R.

IV. CONCLUSION

IT IS HEREBY ORDERED, for the reasons set herein, that the R&R is adopted in its entirety, and plaintiff Sylla may file an amended complaint consistent with this Order by October 26, 2012. Summary judgment is granted as to plaintiff Nabe, and plaintiff Nabe is dismissed as a plaintiff in this case. Summary judgment is granted as to plaintiff Sylla's Fourth Amendment claims. Plaintiffs' motion for summary judgment is denied. In order for plaintiff Sylla to proceed in this action by attempting to allege a *Bivens* claim or FTCA claim, plaintiff Sylla must file an amended complaint by October 26, 2012. **Failure to file an amended complaint will result in the dismissal of this action with prejudice**. If the defendant wishes to make a second motion for summary judgment after the filing of the amended complaint, the Court will set a schedule for a second motion at the appropriate time.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: September 24, 2012
        Central Islip, New York

6